Apostolos B. Cascambas *vs.* Frank H. Swan *et al.*
Receivers of R. I. Co.

JUNE 27, 1922.

Present:   Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Negligence.   Carriers.   Last Clear Chance.*

Where the evidence was conflicting on the question whether plaintiff suddenly turned his car in front of the electric car when the latter was so near that it was impossible to stop the electric car in time to avoid the accident or whether plaintiff was driving between the tracks, and vainly endeavoring to drive off the tracks when the electric car was a sufficient distance away to enable the motorman after he should have observed plaintiff's predicament to stop his car, it was a question for the jury whether the motorman had the last clear chance to avoid the accident.

*(2)   Negligence.   Carriers.   Last Clear Chance.*

Charge in a personal injury case arising out of a collision between the plaintiff's car and an electric car that even if plaintiff were negligent, "if you find that the motorman by the exercise of reasonable diligence after he observed the dangerous position (of plaintiff) could have stopped his car and avoided the collision, then you would be justified in holding the company liable" was proper, the court having previously instructed the jury that the motorman had the right to assume that if a man is running along on the track he will turn off under ordinary circumstances, and it would only be in the event that the motorman discovered that the driver had caught his wheel and was trying to get out and the motorman made that discovery in time so he could have stopped his car and avoided the accident that there would have been any duty on his part to stop his car.

Trespass on the Case for negligence.   Heard on exceptions of defendant and overruled.

Rathbun, J.   This is an action of trespass on the case for negligence.   The trial in the Superior Court resulted in a verdict for the plaintiff for $874.20.   The defendant made a motion for a new trial.   The trial court refused to disturb the findings of the jury on the question of liability but found that the amount of damages awarded was not supported by the evidence and granted a new trial unless the plaintiff should remit $50 of the damages awarded.   The plaintiff filed a remittitur for $50.

. The case is before this court on the defendants' exceptions, as follows: to the refusal to grant a new trial without condition; to the refusal to direct a verdict for the defendant, and to a certain instruction to the jury.

The plaintiff is seeking to recover for damages caused to his Ford truck and to merchandise, with which the truck was loaded, by a collision between said truck and a street car operated by the defendants. The accident occurred on Quidnick street in the town of West Warwick. Quidnick street at the place of collision runs in a northerly and southerly course. The street car track is located on the westerly side of the street. The street car at the time of the accident was proceeding in a northerly direction and the truck in a southerly direction. It is clear that the chauffeur in charge of the truck was, a short time before the accident, proceeding with the right hand wheels of the truck running in a gulley located between and parallel to the rails of the car track. The plaintiff contends that his chauffeur just before the collision was compelled to turn the truck partially upon the car track to avoid hitting an automobile which was proceeding in the opposite direction; that it was very difficult for the chauffeur to extricate the right hand wheels of the truck from said gulley; that the collision occurred either before he succeeded in driving off the car track or before the truck was away from the track a sufficient distance to avoid the overhang of the car, and that by the exercise of due care after seeing the chauffeur's plight the motorman could have avoided the accident.

The defendants contend that the plaintiff's chauffeur suddenly, and without warning, drove upon the track and that the motorman was unable to stop the car before it collided with the truck.

(1) The testimony was conflicting on the question whether the plaintiff's chauffeur suddenly turned in front of the electric car when the car was so near that it was impossible for the motorman to stop the car in time to avoid the accident or whether the plaintiff was driving with the right

hand wheels in the gulley and vainly endeavoring to drive out of the gulley and off the car track when the electric car was a sufficient distance away to enable the motorman after he should have observed the chauffeur's predicament to avoid the accident by stopping the car.

We think that the evidence warrants a finding that the chauffeur was plainly endeavoring to drive out of the gulley when the car was a sufficient distance away to enable the motorman had he been in the exercise of due care to avoid the accident. The testimony being conflicting it was a question for the jury whether the motorman had the last clear chance to avoid the accident.

The exception to the refusal to direct a verdict for the defendant is overruled.

The defendants' counsel excepts as follows to the charge to the jury. "I take exception to that part of the Court's charge stating that the doctrine of the last clear chance applies where the defendant, after seeing the predicament of the plaintiff, could have by the exercise of reasonable care stopped the car, the doctrine of the last clear chance applying also to the plaintiff and the Court having failed to charge that the plaintiff could have stopped in time to avoid the collision by the exercise of due care."

The trial justice charged the jury relative to the rule of the last clear chance, as follows: "But on this phase of the case if you find that the plaintiff himself was not negligent, or even if you find that he was negligent and that the motorman by the exercise of reasonable diligence after he observed the dangerous position of this man Matthews could have stopped his car and avoided the collision, then you would be justified in holding the company liable."

We understand from the argument of defendants' counsel that he contends that the language of the court above quoted should have been supplemented by a statement to the effect that if the negligence of the plaintiff's chauffeur continued until the time of the accident the plaintiff can not recover. There was no error in the charge as given.

In *Underwood* v. *Old Colony St. Ry. Co.*, 33 R. I., at 325, this court said: "If the defendant means by this exception, that in case the deceased was guilty of negligence in driving upon its track and while on the track was still careless in failing to look towards the approaching car, although the motorman saw him in his place of danger and saw that the deceased was ignorant of that danger and was taking no steps on his part to avoid it, and the motorman also knew that unless some measures were taken to check the speed of the car the deceased would be injured, yet it was not the motorman's duty to check the speed of the car because the deceased was still careless, we say that such is not the law of this state." . . . "It would be the motorman's duty to take such measures as he reasonably could to check the speed of the car and to avert the accident. If he failed in that duty, such failure would become the proximate and efficient cause of the injury and the defendant would be liable."

The court had previously instructed the jury as follows: "He had a right to assume that if a man is running along on the track he will turn off under ordinary circumstances and it would only be in the event that the motorman discovered that this driver had caught his wheel in the gulley and was trying to get out and the motorman made that discovery in time so he could have stopped his car and avoided the collision, that there would have been any duty on his part to stop his car and keep from hitting the automobile."

The defendant has no valid reason for complaining of the charge relative to the last clear chance.

On the question of liability the verdict has the approval of the trial court and we find no reason for distubing the verdict as reduced by the remittitur.

All of the defendants' exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict as reduced by the remittitur.

*Sheffield & Harvey*, for plaintiff.

*Clifford Whipple, Earl A. Sweeney*, for defendant.