EVELYN SARCIONE, p. a. *vs.* THE OUTLET COMPANY.

THOMAS SARCIONE *vs.* SAME.

JANUARY 18, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. These two actions of trespass on the case for negligence were tried together in the Superior Court. At the conclusion of the plaintiffs' testimony the defendant rested and the court directed a verdict in each case for the defendant. The cases are here on each plaintiff's exceptions as follows: To rulings excluding evidence; to the refusal, after the trial had commenced, to permit an amendment to the declarations except on condition that the cases be taken from the jury and passed; and to the direction of a verdict for the defendant.

The plaintiff in the first case sues to recover damages sustained by her as a result of being struck by the defendant's motor truck. The second case is brought by her father to recover for loss of her services and for money expended for medical treatment, medicines and nursing which he had furnished her.

The accident occurred in the city of Providence on Westminster street near Battey street. Westminster street runs in an easterly and westerly course. Battey street runs northerly from Westminster street. At the time of the accident Evelyn Sarcione, a girl fifteen years old—hereinafter referred to as the plaintiff—and a friend, Miss Petrini, were on their way to school. They walked up Battey street to Westminster street and started to cross Westminster street by passing in front of an automobile parked on the northerly side thereof and facing west. The plaintiff walked at the right of Miss Petrini who stopped at a point in line with the southerly side of the parked car to permit the defendant's truck, which was proceeding westerly, to pass. Miss Petrini looked to her left to see if any other vehicle was approaching and then turned to tell the plaintiff that it would be safe to continue and saw her falling backward. At this time the side of the truck was opposite to the plaintiff. On the side of the body of the truck was a board called a "flare-board." It does not appear that this board extended beyond the outer edge of the mudguards. The plaintiff received a wound on the left side of her face.

The board was on the same level as plaintiff's face, and it is probable that the forward end of this board came in contact with her face. The plaintiff has no recollection of what occurred from the time when she reached Westminster street until she regained consciousness in a hospital. Miss Petrini testified that when the truck passed her she could have touched it by leaning forward and extending one of her arms. She did not see the truck strike the plaintiff nor observe whether plaintiff had previously taken any precaution for her own safety. No other witness could throw any light upon the question.

For aught that appears the plaintiff, taking no precaution for her own safety while attempting to cross a busy urban street, walked blindly into the side of the truck. The direction of verdicts for the defendant was based upon a ruling by the trial justice that the plaintiff was guilty of contributory negligence. We think that the ruling was correct. The burden was on the plaintiff to show due care on her part. On this point no evidence whatever was produced. When there is no evidence to support a verdict for the plaintiff it is the duty of the trial justice to direct a verdict for the defendant. *Cranston Print Works* v. *Amer. Tel. and Tel. Co.*, 43 R. I. 88; *Kalify* v. *Udin*, 52 R. I. 191, 159 Atl. 644, and cases cited.

The plaintiffs urge that the cases should have been submitted to the jury under the doctrine of the last clear chance. There is no evidence tending to show that the driver of the truck had the last clear chance to avoid the accident. The plaintiff by merely stopping could have saved herself from injury. By not doing so she was negligent up to the instant of the collision. One or two steps would bring her in contact with the side of the truck. There was nothing to indicate to the driver of the truck that she was not using her senses. A jury should not be permitted to speculate when there is no evidence that the defendant had the last clear chance to avoid the accident. *Nystrom* v. *Eagle Cornice Co.*, 52 R. I. 80; *Kalify* v. *Udin, supra; McKean* v. *Barker*, 148 Atl. 599.

The plaintiffs took two exceptions to the exclusion of testimony tending to show that the brakes on the defendant's truck were defective. The declarations merely allege careless, negligent and improper operation. In *St. John* v. *R. I. Co.*, 32 R. I. 447, this court said: "If a man alleges a particular breach of duty and rests his case on that particular breach of duty, he must prove that and no other." See 21 R. C. L. 603; 49 C. J. 804. A defendant is entitled to receive fair notice by the declaration of the claim which he is called upon to defend, and where the facts have been ascertained by the plaintiff a general allegation of negligence is insufficient. *Kelly* v. *Davis*, 48 R. I. 94. However, as the plaintiff's negligence bars recovery, it is unnecessary to consider the question of negligence on the part of the defendant. The same answer applies to the exception to the refusal to permit the plaintiffs to amend their respective declarations by alleging defective brakes. The court ruled that such amendments would be permitted on condition that the cases be passed if the defendant so desired. It is elementary that a party has not the right to amend his pleadings as of course after the case has been opened to a jury. *Sweeney* v. *McKendall*, 32 R. I. 347.

All the plaintiffs' exceptions are overruled and each case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Edwards & Angell, William H. Edwards, Edward Winsor, Edward T. Richards*, for plaintiffs.

*Clifford A. Kingsley, Tillinghast, Morrissey & Flynn, Daniel H. Morrissey, Francis V. Reynolds*, for defendant.