## MARY N. GARDINER *vs.* VIVIAN M. ROMANO.

### JUNE 20, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence to recover for personal injuries received by the plaintiff as a result of being hit by an automobile owned and operated by the defendant. The case is here on the plaintiff's exception to a ruling directing a verdict for the defendant.

The accident occurred at about 9:30 p. m. while the plaintiff was attempting to cross Main street, a four-lane

highway in the village of East Greenwich, at a place about fifty feet north of the intersection of said street and First avenue. An overhead traffic light is located at about the center of this intersection. Plaintiff walked, from the intersection northerly along the westerly sidewalk of Main street to a point about fifty feet to the rear of the last of three south-bound automobiles which were waiting in line for said signal to turn green. She then proceeded in a diagonal course northeasterly toward the east sidewalk of Main street. She testified that when she had travelled about one half of the distance she observed that the light changed from red to green; that at this time she was looking toward the south and saw no traffic coming; that she did not see defendant's automobile approaching until it was about three feet away from her but that she could have seen it sooner had she turned her head to the right.

There was no crosswalk at the place where plaintiff was attempting to cross. The defendant drove his automobile easterly out of First avenue, turned to his left around the center of said intersection and, when he entered the easterly traffic lane, changed from first to second speed. The place was somewhat dark and the plaintiff was wearing dark clothing. The headlights on defendant's automobile were lighted. He stopped his automobile within a distance of about one foot.

It is clear that plaintiff was guilty of contributory negligence. When she observed the traffic signal change to green she must have known that this was an invitation for automobiles to pass the light and approach, from her right along the two lanes which she was about to cross. It was negligence not to look and observe the approaching automobile. In *Kalify* v. *Udin*, 52 R. I. 191, we said: "It is well established that a person who attempts to cross a much travelled highway without looking in both directions and reasonably observing approaching vehicles is guilty of negligence as a matter of law;" and in *Keenan* v. *Providence Journal Co.*, 52 R. I. at p. 57: "It is well established law

that it avails a plaintiff nothing to say that he looked at a point where if he had looked he must have seen the oncoming vehicle," citing *Kennedy* v. *N. Y., N. H. & H. R. R. Co.,* 43 R. I. 358 and *Beerman* v. *Union R. R. Co.,* 24 R. I. 275.

The doctrine of the last clear chance does not apply. Nothing appeared even tending to show that the defendant, as soon as he saw or should have observed plaintiff's plight resulting from her negligence, neglected to do all that it was reasonably possible to do to avoid injuring her.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Littlefield, Otis & Knowles, James B. Littlefield,* for plaintiff.

*Voigt, Wright & Munroe, Clifton I. Munroe, Lucien Capone,* for defendant.