MARY M. DICK *vs.* SAMUEL WHITFIELD.
JOHN M. DICK *vs.* SAME.
MARCH 23, 1937.
PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Moss, J. The former of these two actions was brought by Mary M. Dick to recover for personal injuries to her, alleged to have been due to negligence of the defendant; and the latter was brought by her husband to recover for medical expenses and loss of her services, alleged to have been caused to him by such injuries. These injuries were inflicted on her, as she was crossing Broadway in the city of Providence, in this state, by an automobile which was alleged to have been operated by the defendant. The cases were tried together before a justice of the superior court and a jury and are now before us on the plaintiffs' exceptions to the granting by the trial justice of motions by the defendant for nonsuits at the conclusion of the testimony for the plaintiffs.

The only evidence as to how the accident happened was the testimony of the wife, who will hereinafter be referred to as the plaintiff. This was in substance as follows. About a quarter past seven o'clock in the evening of October 2, she left her home on the north side of Broadway and walked easterly on that side of the street. To get to her destination she had to cross to the south side. So when she had gone a little less than two blocks and come to or near Bourn street, she stopped and then started to cross Broadway. It had been raining and the pavement was wet. Automobiles had their lights on and the street lights also were on. She said: "I got down the street and I looked up and down the street first." She then said that she saw some cars parked on her left and no other car except one coming up Broadway from her left, which seemed to her to be about seventy-five or one hundred feet away and "coming pretty fast." She later said that it "may have been nearer," but she thought that she could get across ahead of it. She started across and the next thing she remembered was regaining consciousness in a hospital.

There was nothing to show, with any definiteness at all, what her position was with reference to the edge of the sidewalk or the parked cars, when she observed the moving car. There was nothing to show how soon thereafter she proceeded out into the street; or whether she walked or ran; or how far she got before the accident; or how far away the car was when she first got into a position of danger, where she was visible to the operator of the car, or what he then did, or could have done and failed to do, to avoid a collision.

We are of the opinion that this evidence, although accepted as accurate and with all reasonable inferences favorable to the plaintiff drawn therefrom, did not make out a *prima facie* case for her either on the question of contributory negligence by her or on the question whether the operator of the car had the last clear chance to avoid the accident.

The authorities which her counsel have cited to us as supporting their contention are the following cases decided by this court: *Benoit* v. *Miller*, 67 A. 87; *Gouin* v. *Ryder*, 38 R. I. 31; *Belliveau* v. *Bozoian*, 46 R. I. 83; *Willett* v. *Slocum*, 47 R. I. 136; *Chabot* v. *Andre*, 52 R. I. 399. In the first and fourth of these cases the injured pedestrian was a child. In each of the five cases the salient features were that the injured pedestrian, in daylight, had proceeded a considerable distance into the street before the collision occurred, and there was evidence that the defendant's car had approached him from behind and had hit him after it had gone quite a long distance while there was nothing to prevent its operator from seeing the pedestrian and easily avoiding a collision. In the instant cases, there was no evidence that any one of those features was present.

We have found no precedent for a finding of freedom from contributory negligence or for the application of the doctrine of the last clear chance, where the evidence went no further than that in the instant cases. Here the testimony was so meager, vague and inconclusive that it failed

to show a *prima facie* case of liability, either by direct evidence or reasonable inference. We therefore hold that the trial justice did not err in ordering nonsuits in both cases.

The plaintiffs' exceptions are overruled and the cases are remitted to the superior court for entry of judgments on the nonsuits.

*Charles A. Kiernan, Harlow & Boudreau,* for plaintiffs.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for defendant.