HELEN L. DWINELL *vs.* EDWARD OAKLEY.

JUNE 18, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This action of trespass on the case for negligence was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff for $3323.90.   The case is in this court on defendant's exception to this decision, his sole contention being that the plaintiff was guilty of contributory negligence as a matter of law.

The accident took place on Gano street near the corner of Angell street in the city of Providence, at about 7:30 p. m. on December 31, 1936.   It was a dark night with some slight rain.   Angell street runs approximately east and west.   It is a one-way street with traffic moving in a westerly direction. Gano street enters and crosses Angell street from the south at right angles.   The continuation of Gano street to the north of Angell street is called Taber avenue.   The width of Gano street is estimated at about forty feet.   The flow of traffic at this intersection is regulated by automatic traffic lights set on posts at two corners of the intersection.

The plaintiff, a woman about sixty-five years old, was proceeding northerly on the easterly side of Gano street from her home on Medway street, intending to board a city-bound electric car at the northwest corner of Angell street and Taber avenue.   She testified that she had an umbrella which was not opened; that when she was nearing Angell street she undertook to cross Gano street at a moderate walk, from east to west; that she looked both ways before starting and saw no traffic coming towards her; that the traffic light on Angell street was set to permit west-bound traffic on that street, but against traffic on Gano street; that when she had approached within a few feet of the westerly curb of Gano street, she saw the headlights of the defendant's car over her right arm, and that she was immediately thereafter struck by the car, shoved quite a distance, and thrown to the street close to the westerly curb of that street. In cross-examination she testified as follows:.   Q. "Now you kept walking straight across to the other curbing?"   A. "No;

about every two or three steps I would keep looking back and forth. Nothing came. I expected the light to change." Q. "And all the way over to the other side you kept looking back and forth and you saw nothing?" A. "And watched my step at the same time."

Although the question of damages is not involved in this case, yet the injuries which the plaintiff received shed some light upon the violence with which she was thrown to the ground. Following the accident, the plaintiff was first brought to her home and later, that same night, taken to the hospital. The only medical testimony in the case, which was given by the doctor who attended the plaintiff, is that she suffered eighteen fractures of the ribs, a fracture of the clavicle, and considerable internal injury. This uncontradicted testimony is supported by the x-ray pictures.

The testimony of John Angell and Elisha Harris Howard, 3rd, who testified for the plaintiff, is to the same effect in all material particulars. At the time of the accident the former had just come out of the Gano street door of the building at the southwest corner of Angell and Gano streets, so that the accident happened almost in front of him; while the latter, who was driving his car northerly on Gano street, heard a scream when he was at the corner of Medway street, and, proceeding a short distance further towards Angell street, stopped his car about opposite that of the defendant. Angell was the only person, other than the defendant, who testified as to the speed of the defendant's car before it struck the plaintiff. His testimony on this point is that the defendant was "going about twenty-five". He also testified that the plaintiff's belongings were scattered in all directions; that her umbrella was on the grass, up beside the garage; that her pocket-book was in the gutter; that her hat was off; and that he picked up two or three pieces from the defendant's radiator grill on the sidewalk at the scene of the accident.

The defendant, who was the only witness in his behalf, testified that he had company for dinner that evening at 7:30 o'clock; that he was coming from a store on Wayland square where he had purchased some "ingredients" to mix some drinks before dinner; and that the accident happened at 7:30 but that he was not in a hurry as he knew that his "guests would not be there until quarter of." He further testified that both of the windshield wipers on his car were operating; that as he proceeded westerly on Angell street, the light turned against him when he was approaching Gano street; that he brought his car to a stop at the intersection; that when the light changed to green, he turned left into Gano street, with his eyes following the beam of his headlights; that he was then in low speed and moving at not more than eight miles an hour; that he did not see the plaintiff at all; that he heard a scream when he was thirty-five or forty feet in Gano street and that he brought his car to a stop within "twelve feet at the utmost", with its right side seven or eight feet from the westerly curb of Gano street. What happened at that time is best described in the defendant's own words in answer to a question by his counsel: Q. "Will you tell the Court what happened after that?" A. "Well, I had gotten straightened out on Gano street when I heard a cry. I immediately put on my brakes. I felt an impact on my car; I knew I had struck something. I stopped within—well, as near as I would estimate, within ten or twelve feet, less than a car length, and I got out—jumped out of my car, and found this lady sitting on the pavement."

On the facts above stated the defendant contends that the plaintiff is guilty of contributory negligence as a matter of law. This contention is clearly without merit. The general principles of what constitutes due care on the part of a plaintiff are well settled by our decisions, "but their proper application is affected by each set of facts." *United Electric Rys. Co.* v. *Penn. Petroleum Products Co.*, 55 R. I. 154, 158.

92

The cases of *McKean* v. *Barker*, 148 A. 599 (R. I.); *Keenan* v. *Providence Journal Co.*, 52 R. I. 54; *Kalify* v. *Udin*, 52 R. I. 191, and *Gardiner* v. *Romano*, 54 R. I. 348, which are cited in the defendant's brief, are clearly distinguishable in their facts from the instant case and, therefore, lend no support to the defendant's contention. The cases of *Gouin* v. *Ryder*, 87 A. 185 (R. I.); *Elliott* v. *O'Rourke*, 40 R. I. 187; *Belliveau v. Bozoian*, 46 R. I. 83; *Young* v. *Thornley*, 166 A. 690 (R. I.); *Cunningham* v. *Walsh*, 53 R. I. 23, and *Hemmerle* v. *Aldrich*, 192 A. 166 (R. I.), which are more analogous to the situation presented to us by the facts in this case, were apparently overlooked. See also *Dick* v. *Whitfield*, 190 A. 799 (R. I.). The decision of the trial justice in favor of the plaintiff shows that he found as a fact that the plaintiff was in the exercise of due care at the time of the accident. We have examined the evidence and find no merit in the defendant's contention that the plaintiff was guilty of contributory negligence as a matter of law. The decision, therefore, is without error.

The defendant's exception is overruled and the case is remitted to the superior court for the entry of judgment on the decision.

*Edward Winsor, Edwards & Angell,* for plaintiff.
*Ernest L. Shein,* for defendant.