Mary E. Gilfoil *vs.* Louis Fishbein.

MARCH 29, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is an action of trespass on the case for negligence to recover for personal injuries suffered by the plaintiff as a result of the defendant's alleged negligent operation and control of his automobile. In the superior court a jury rendered a verdict for the plaintiff in the sum of $441. Subsequently the defendant's motion for a new trial was granted by the trial justice on the ground of excessive damages, unless the plaintiff remitted all of the verdict in excess of $325 within five days. The plaintiff duly filed such remittitur; and the case is before us on the defendant's exceptions to the rulings of the trial justice refusing to grant the defendant's motion for a directed verdict and refusing to grant his motion for a new trial unconditionally. All other exceptions are expressly waived by the defendant.

The evidence for the plaintiff tends to show that the alleged accident happened on the crosswalk of Bernon street near the corner of Douglas avenue in Providence about 8:30 o'clock p. m. on October 11, 1934. Douglas avenue is a public highway about forty feet wide and runs generally north and south. Bernon street is a public high-

way and branches off the westerly side of Douglas avenue at an angle of about forty degrees and runs in a north-westerly direction. It was beginning to rain and lights were burning in the store at the northwesterly corner and in street lights on Douglas avenue within thirty-five to sixty feet of the corner in either direction.

The plaintiff's testimony tends to show further that she was walking upon the westerly sidewalk of Douglas avenue in a northerly direction toward Bernon street. She carried a raised, striped umbrella in her left hand and her purse and a small bundle under her left arm. She stopped when she reached the corner of Bernon street, looked to her left up that street and then to her right, over her right shoulder, back into Douglas avenue, where she could see the easterly side thereof to a point about three houses south of the corner. No traffic appearing within the range of her vision, she began to walk at a normal pace across Bernon street on the crosswalk, where that street measures about fifty-five feet from curb to curb. Somewhere about the middle of Bernon street she again glanced to her right while walking and, seeing no automobile approaching on Douglas avenue, continued across the northerly half of Bernon street.

When she had almost completed her crossing and was about two steps from the northerly curb, she sensed auto-mobile lights shining upon her, seeing them out of the corner of her eye, and was almost immediately struck and knocked down by an automobile. She was not unconscious and as she lay in the northerly gutter of Bernon street the head-lights of that automobile, which had then stopped, were almost upon her. The defendant and his wife alighted there-from and came to her assistance. The plaintiff testified that the defendant said: "I am awfully sorry, lady, I hit you, but I didn't see you." The defendant and his wife assisted the plaintiff to the store on the northwesterly corner and from there took her eventually to the office of the defendant's son, who was a doctor in another section of the city.

On the other hand, the evidence for the defendant tends to show that he was driving his automobile northerly on his right side on Douglas avenue near the curb at a speed of about fifteen to twenty miles per hour; that he made a long left-hand turn into Bernon street, keeping to his right, or north of the intersection of the middle lines of the two streets; that he noticed something like a large bundle fluttering and falling on the other, that is, the southerly side of Bernon street; that he stopped his car on his right or northerly side and, with his wife, went across the street to assist the plaintiff who was lying in the gutter; that his automobile never struck the plaintiff and that he never told the plaintiff he had struck her, or that he did not see her, or that he was sorry.

The defendant further testified that the plaintiff admitted in the store, and later in his son's office, that she had slipped and fallen from the curbing. His testimony generally was corroborated by his wife and in certain particulars also by his son, Dr. Fishbein. On the other hand, the plaintiff was corroborated by Dr. Edward Cunningham, a dentist, who was present in the corner store and accompanied the plaintiff to the office of the defendant's son. This witness testified that the plaintiff never stated there that she had slipped and fallen; but that the defendant did state that his automobile hit the plaintiff and that he did not see her. There were no eyewitnesses to the accident.

The defendant contends that the trial justice erred in refusing to grant his motion for a directed verdict, because the evidence shows the plaintiff to be guilty of contributory negligence as a matter of law and also because it fails to prove any specific act of defendant's negligence.

In support of these contentions, the defendant has cited numerous cases which, upon examination, we find are not in point here. The instant case is not one where a plaintiff stepped from a place of safety to one of obvious or imminent danger; or failed to look; or, if she looked, failed to see

what must have been there; or was struck immediately as she stepped off the curb, or into danger; or failed to do anything for her safety. On the contrary, the plaintiff testified that she had looked just before leaving the south curb and again when in the center of the street; and she had successfully crossed almost the entire width of Bernon street on a crosswalk before she was hit virtually from the rear. A recently decided case, *Dwinell* v. *Oakley,* 61 R. I. 88, 200 A. 445, contained many circumstances somewhat similar to those of the instant case and we held there that it presented issues for determination by a jury.

Considering the evidence and inferences in the instant case most favorably to the plaintiff, as we must on this exception to the refusal to grant defendant's motion to direct, we are of the opinion that different minds could reasonably reach different conclusions on the question of the plaintiff's contributory negligence and the defendant's negligence. Therefore the trial justice was not in error in refusing to direct a verdict for the defendant. The defendant's exception to the refusal of the trial justice to direct a verdict in his favor is, therefore, overruled.

The defendant further contends that the trial justice erred in refusing to grant his motion for a new trial unconditionally. Upon this motion the trial justice was entitled to consider the credibility of the witnesses and to weigh the evidence, which was conflicting and wholly irreconcilable upon practically all of the material facts. The determination of the case, therefore, depended almost entirely upon the credibility of the witnesses.

If the plaintiff's evidence is believed, it would reasonably support the conclusion that she was in the exercise of reasonable care and that the defendant virtually approached her from the rear; that she had walked across Bernon street on the crosswalk and had almost reached the northerly curb, being within the range of the headlights of defendant's automobile and of his vision as he turned from Douglas

avenue into Bernon street; that the defendant, if looking and properly controlling his automobile, should have seen that the plaintiff was unaware of his change of direction and sudden approach; and that he should have stopped or otherwise avoided hitting her; that he admitted striking her because he failed to see her; and therefore that he was not exercising proper care and caution in managing, operating and controlling his automobile, especially at an intersection, as alleged and as required by the circumstances and law.

The jury saw and heard the witnesses testify and believed the evidence for the plaintiff. The trial justice, who had a similar opportunity to see and hear them, has approved the verdict as to liability. We have examined the transcript and we cannot say that he was clearly wrong. Nor can we say that the amount of damages, as reduced, are still so excessive as to warrant a further decrease. Therefore, the defendant's exception to the trial justice's refusal to grant his motion for a new trial unconditionally is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

*Eugene I. McElroy, Carroll & Dwyer, Edward F. J. Dwyer,* for plaintiff.

*Isadore S. Horenstein,* for defendant.