ELVISA PUCCIARELLI *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

MARCH 19, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

270

CONDON, J. This case is here on plaintiff's exception to a ruling of the superior court adjudging her nonsuit at the close of her evidence on the defendant's motion.

The facts are simple and substantially undisputed. The plaintiff was knocked down by defendant's bus while she was crossing South Main street in the city of Woonsocket and was at a point on the southerly side of that street directly opposite its intersection with Glenark street. That street intersects South Main street on its north side but does not cross it. South Main street runs approximately east and west. From the corner of Glenark street there is a clear view for several hundred feet to the east and west along South Main street. At this point the latter street is thirty feet wide from curb to curb and there is a car track approximately in the center of the street.

The accident appears to have happened in the following manner. Plaintiff, a night operative at the Glenark Mills on Glenark street, had finished her work and had left the mill at about 10:45, p. m., to go home. She and a fellow operative walked down Glenark street to the corner of South Main street and looked up that street to the west for a bus, as she intended to take a bus to her home; but just at that moment none was in sight. She then stood for a moment or two with her friend, until she saw, to the west, that is, to her right, a bus about to come around a curve at the rotary traffic stand in South Main street, where that street is intersected on its south side by Front street, which runs approximately north and south. The rotary was a little short of three hundred feet from where she stood. When the bus came into view, her friend left to go in another direction for a taxicab, and plaintiff started to cross South Main street, to a point directly opposite on the south side of that street, where there was a stop designated for the bus to receive and discharge passengers.

Before leaving the sidewalk plaintiff looked first to her left, that is, east on South Main street and seeing no traffic approaching, she then looked to her right, that is, west, and saw the bus rounding the bend into South Main street at about the rotary. She did not look again until she had crossed beyond the car track when she noticed the bus, about thirty feet from her, and that the operator had his head turned toward the sidewalk. She was then directly in front of the bus and, sensing her peril, hurried to reach the sidewalk, but she was struck and knocked down when she was about two feet from the curb.

There was no other traffic in the street at that time or just before the accident, and the operator of the bus had a clear and unobstructed view of South Main street for several hundred feet to the east when he rounded the curve at Front street. The night was dark and the plaintiff wore a

black coat, but the headlights on the bus were lighted and there was a street light near the place of the accident. There also was testimony by other witnesses that the visibility was good.

On these facts the defendant contends that the plaintiff was clearly guilty of contributory negligence as a matter of law, principally because she did not look a second time to her right, that is, in the direction of the approaching bus, before continuing to cross South Main street in the path of the bus. The plaintiff, on the other hand, contends that, whether she acted in the circumstances as an ordinary prudent person would have acted, was, on all the evidence, clearly a question of fact to be determined by the jury.

Ordinarily, as this court has often said, the question of contributory negligence is one of fact but sometimes, when it clearly appears from the facts what course a person of ordinary prudence would pursue, it is a question of law. However, it was long ago observed by this court that cases of the latter kind are few, and generally they are cases "in which the situation is so simple that any person of ordinary prudence would instantly perceive what to do or what to refrain from doing." *Clarke* v. *Rhode Island Electric Lighting Co.*, 16 R. I. 463, 465.

The defendant contends that the instant case is such a case and that it falls within that group where this court has held that the failure of a pedestrian to look before crossing a street in the path of oncoming traffic constitutes negligence as a matter of law. *Gardiner* v. *Romano,* 54 R. I. 348, 173 A. 84; *Sarcione* v. *Outlet Co.,* 53 R. I. 76, 163 A. 741; *McKean* v. *Barker,* 148 A. 599 (R. I.).

An analysis of the facts in each of the above-cited cases will, we think, show some vital point or points of difference which distinguish it from the facts of the instant case. Taking those cases in the order cited, the *Gardiner* case was one

in which the pedestrian was walking diagonally across the street fifty feet from an intersection, not on a crosswalk, and not looking for traffic approaching on her right until defendant's automobile was three feet away from her, even though she had observed a traffic light at the intersection change from red to green, which she knew was a signal for traffic to approach from her right along the path she was about to cross.

The *Sarcione* case is definitely in a class by itself. There the plaintiff did not testify how the accident occurred as she stepped into the street and the testimony of others clearly raised the inference that she walked blindly into the defendant's truck.

The *McKean* case was not unlike the *Sarcione* case in some respects in that the plaintiff, although she knew the defendant's automobile was approaching, walked out into the street without paying any attention to the traffic in either direction, leading the court to say that she "walked blindly across the street."

It cannot reasonably be said on the evidence in the instant case that the plaintiff walked blindly into South Main street or that she walked diagonally in the highway into the path of approaching vehicles. Here we have a case rather where the plaintiff did look in both directions before leaving the sidewalk to cross the street and where she walked directly across to the opposite sidewalk and had reached a point within two feet of the curb when the defendant's bus knocked her down.

It is significant also that she was going to a point on that sidewalk designated as a stop for the bus to receive and discharge passengers, and that there was evidence that the operator of the bus was looking in the direction of that stop and not directly ahead of him when the bus hit her and knocked her down. It is further to be noted that the bus, as it appeared around the bend of South Main street at

Front street, was about three hundred feet away when the plaintiff started to cross the street, and that there is no evidence that it was then proceeding at a fast rate of speed.

In the absence of evidence to the contrary, the jury could reasonably have inferred that the operator had speeded up his bus after he had fully rounded the curve at Front street and that he suddenly ran down the plaintiff while he was looking toward the bus stop on his right and not in front of him, where the plaintiff was in the act of crossing the street.

On a motion for a nonsuit, it is the duty of the trial justice to view the evidence most favorably to the adverse party and to draw from such evidence all reasonable inferences in favor of such party. Applying this rule in the instant case, we are of the opinion that the plaintiff was not guilty of contributory negligence as a matter of law. It certainly cannot be said that the situation confronting the plaintiff by the sudden appearance of the bus on her right was so simple that a person of ordinary prudence would instantly have refrained from doing what she did, especially in view of the fact that she had practically traversed the entire width of the street, with the exception of two feet, before she was knocked down.

In coming to this conclusion, we have not relied upon the case of *Hemmerle* v. *Aldrich*, 58 R. I. 227, 192 A. 166, although the plaintiff has strongly argued that it is in point. It is true that the instant case has many points of similarity to that one, but it is also true, as argued by the defendant, that it is distinguishable upon its facts.

However, the instant case has some points of similarity to two recent cases wherein we held that a pedestrian who, while crossing a public highway and almost wholly across such highway, was struck by an automobile approaching from her right, was not guilty of contributory negligence as a matter of law. *Gilfoil* v. *Fishbein*, 62 R. I. 277, 5 A. 2d.

232; *Dwinell* v. *Oakley*, 61 R. I. 88, 200 A. 445. Also the recent case of *Chagnon* v. *United Electric Rys. Co.*, 61 R. I. 275, 200 A. 949, where a pedestrian, who was crossing a street, was struck by an electric trolley car approaching from his right, is similar to the instant case in some respects.

Those cases taken together illustrate the view of this court on the question of plaintiff's negligence in a case where a pedestrian crossing a street under the circumstances of the instant case is injured by an approaching vehicle. As we stated in our opinion on the defendant's motion for reargument in the *Chagnon* case, we hold the general rule to be that "a pedestrian, in deciding whether or not to attempt to cross a street or any portion of it in front of an approaching vehicle, which is not so close and moving at such speed as to make a collision unavoidable, if he does so attempt to cross, has ordinarily a right to rely, to some extent at least, on the expectation that the driver of the vehicle will use reasonable care to avoid colliding with pedestrians." *Chagnon* v. *United Electric Rys. Co.*, 61 R. I. 246, 247. Applying this rule to the facts of the instant case, as disclosed by the plaintiff's evidence, we are of the opinion that she cannot be nonsuited on that evidence alone on the ground of contributory negligence as a matter of law.

For the reasons stated, plaintiff's exception to the decision of the trial justice adjudging her nonsuit is sustained, and the case is remitted to the superior court for a new trial.

*G. William Grande, Edward F. Dwyer,* for plaintiff.

*Clifford Whipple, Earl A. Sweeney,* for defendant.