**Frederick N. GUILD, Plaintiff, Appellant,**

v.

**INTERSTATE TRANSIT CORPORA-TION, Defendant, Appellee.**

**No. 5236.**

United States Court of Appeals
First Circuit.

Dec. 16, 1957.

Edward I. Friedman, Providence, R. I., with whom Vincent J. Chisholm, Providence, R. I., and William Schwartz, Pawtucket, R. I., were on brief, for appellant.

William A. Gunning, Providence, R. I., with whom Raymond A. LaFazia, Providence, R. I., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for defendant entered on November 8, 1956, pursuant to a jury verdict, and from an order of December 19, 1956, denying plaintiff's motion for a new trial.

When a jury returns a verdict in favor of a corporate defendant in a personal injury case, counsel for plaintiff is apt to assume that the jury must have gone wrong due to an error of the judge at the trial. The record will then be searched for some alleged error at the trial that might serve as the basis for taking an appeal.

■ This case was tried in Rhode Island, which has the rule that the plaintiff has the burden of alleging and proving his own due care, or, in the alternative, assuming that plaintiff may have been guilty of negligence in looking out for his own safety, that the circumstances are such as to entitle plaintiff to recover upon the Rhode Island version of the last clear chance doctrine. Plaintiff's complaint here contained the allegation that at all material times he was "in the exercise of due care." Defendant's answer was a general denial. Thus no issue of last clear chance was tendered in the pleadings. At the trial, so far as we can discover, the possibility that the defendant might have had a last clear chance was not actually litigated as a major issue. Indeed, on the facts it is difficult to see how a jury could have found that, after the plaintiff had stepped off the safety zone in the path of the oncoming bus, the driver of the bus had a last clear chance, in the exercise of due care, to avoid hitting the plaintiff.

■ Plaintiff submitted a list of requests to charge, none of which used the phrase "last clear chance". However, plaintiff's counsel may have had this doctrine in mind in his request to charge No. 15, as follows:

"15. If you find that Mr. Guild himself was not negligent, or even if you find that he was negligent and that Mr. Lacasse by the exercise of reasonable diligence after he observed the dangerous position of Mr. Guild could have stopped his bus and avoided the collision, then you would be justified in holding the company liable. (Cascambas v. Swan, 44 R.I. 364 [117 A. 431])"

This request was not an accurate formulation of the last clear chance doctrine, for it left out of account the possibility that the plaintiff, who was at all times fully aware of the danger of being hit by the bus, may himself have had a later opportunity to step out of the way of the bus and thus to avoid the injurious impact. See Sarcione v. Outlet Co., 1933, 53 R.I. 76, 78, 163 A. 741; Zielinski v. Riley, 1938, 61 R.I. 14, 19, 199 A. 693.

■ Be that as it may, the trial judge declined to give plaintiff's requested charge. At the conclusion of the charge, and before the jury retired for its deliberations, it does not appear that plaintiff made any objection to the terms of the charge nor any objection to the failure of the judge to give the substance of plaintiff's request No. 15. See Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A.

During the jury's deliberations, it sent in a request for further instructions. Evidently having in mind the possibility of some comparative negligence rule, the jury asked, "If the plaintiff is found to be partially negligent, must we find for the defendant?". The trial judge repeated what he had said in his charge, that contributory negligence of the plaintiff is a complete defense under the common law rule. This is asserted to have been error for failure of the trial judge to qualify what he said by explaining the doctrine of the last clear chance. But plaintiff made no request at this time for such a charge, which would itself have been fatal to the objection, even if, as we doubt, there was any evidence warranting the conclusion that the defendant might have had a last clear chance.

Also we do not find that the district court committed any abuse of discretion in denying plaintiff's motion for a new trial.

A judgment will be entered affirming the judgment and the order of the District Court.