271 A.2d 304.

RONALD GEORGE PLYMPTON, *p.p.a. et al. vs.* GINO D. CICCHETTI *et al.*

DECEMBER 1, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This civil action was brought by Ronald G. Plympton, a minor suing by his father and next friend, and by the father, suing in his individual capacity, to recover damages allegedly caused by the negligent operation of a tractor-trailer truck owned and operated respectively by the defendants, Prospect Truck Co. and Gino D. Cicchetti. The case was tried to a trial justice and jury in the Superior Court, and following a verdict for the defendants, the plaintiffs' motion for a new trial was granted. The defendants' appeal challenges that ruling as well as the trial justice's denial of their motion for a directed verdict.

In reviewing the ruling on the motion for a direction we look at the evidence and the inferences reasonably deducible therefrom most favorably to plaintiffs. *Cofone* v. *Narragansett Racing Ass'n*, 103 R. I. 345, 237 A.2d 717; *Andoscia* v. *Coady*, 99 R. I. 731, 210 A.2d 581; *Hill* v. *A.L.A. Constr. Co.*, 99 R. I. 228, 206 A.2d 642. So viewed, it appears that defendants' 52-foot long and 8-foot wide tractor-trailer truck struck Ronald Plympton some time after sunrise on the morning of October 1, 1965. The accident happened on Nooseneck Hill Road, a public highway which has four travel lanes and two "break-down" or parking lanes. The travel lanes are 12 feet wide; the "break-down" lanes 8 feet. Two of the travel lanes are for northbound and two for southbound traffic. The defendants' truck with its low beam headlights on was travelling in a northerly direction in the easterly break-down lane at a speed of 50 to 55 miles per hour; road conditions and the weather were good; no other vehicles were in sight; and the truck operator had an unobstructed view. At the moment of impact Ronald, who had just crossed the highway from west to east, was about one foot from the easterly curb and his left foot was on the curbing. Despite his unobstructed view, the operator of the truck

did not see Ronald until he was "right on top of him." Admittedly, he could have avoided hitting Ronald, if he had seen him sooner.

Whether on this evidence a verdict should have been directed for defendants, hinges entirely on the question of Ronald's guilt of contributory negligence as a matter of law. The defendants, citing *Kalify* v. *Udin*, 52 R. I. 191, 159 A. 644, argue that Ronald was negligent because he left a place of safety on the westerly side of Nooseneck Hill Road and walked blindly across the highway without due regard for his own safety and, relying upon *Lawton* v. *Vadenais*, 84 R. I. 116, 122 A.2d 138, they also argue that Ronald's testimony, that he looked to his right as he was crossing and saw nothing, does not absolve him from his guilt, since it is obvious that if he had in fact looked, he would necessarily have seen the approaching truck.

The defendants gain nothing by these contentions. Even if Ronald were contributorily negligent, submission to the jury was necessary in order to afford it the opportunity of deciding whether the truck operator had a last clear chance to avoid the accident. That doctrine applies whenever the evidence discloses that

> " * * * the plaintiff had negligently placed himself or his property in a position of peril; that defendant thereafter had become aware or in the exercise of due care ought to have become aware of plaintiff's peril and his lack of comprehension of it or apparent inability to extricate himself from it; that the defendant if he had been in the exercise of due care had a reasonable opportunity thereafter to avoid injuring the plaintiff; and that defendant failed to exercise such care." *New England Pretzel Co.* v. *Palmer*, 75 R. I. 387, 391, 67 A.2d 39, 42.

Obviously, all of the ingredients prescribed in the *New England Pretzel Co.* case were present here, and that dis-

tinguishes this case from other pedestrian-motor vehicle cases such as *Major* v. *Grieg,* 102 R. I. 379, 230 A.2d 846; *Dick* v. *Whitfield,* 58 R. I. 21, 190 A. 799; *Sarcione* v. *Outlet Co.,* 53 R. I. 76, 163 A. 741, in each of which one or more of those ingredients were absent. The trial justice did not, therefore, err when he denied defendants' motion for a directed verdict.

We summarily dispose of the objection to the granting of the motion for a new trial. In considering that motion the trial justice correctly performed his duty, and in setting aside the verdict he neither overlooked nor misconceived any material evidence, nor was he clearly wrong. Under our well-established rule we will not disturb that decision. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836.

The defendants' appeal is denied and dismissed, the judgment granting plaintiffs' motion for a new trial is affirmed and the case is remitted to the Superior Court for further proceedings.

*Francis Castrovillari,* for plaintiffs.

*Anderson & Kane, Charles H. Anderson,* for defendants.