### BECHARA KALIFY *vs.* MAX UDIN.

APRIL 4, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence to recover damages for death caused by an alleged wrongful act. A jury in the Superior Court returned a verdict for the plaintiff for $1,500 and the case is before us on the defendant's exception to the denial of his motion for a new trial.

In crossing Taunton avenue, in the town of East Providence, the plaintiff's mother, Mary Kalify, by coming in contact with an automobile operated by the defendant, re-

ceived injuries from which she died. The accident occurred opposite to the house numbered 410, which is on the north side of said avenue and midway between two cross streets several hundred feet away. The section is rural and not closely built up. At the place of the accident Taunton avenue runs approximately east and west. Its width between property lines is 60 feet. In the center is a cement roadway 18 feet in width. On each side of said roadway there is a car track having a gauge of 4 feet and 8 inches. The distance between the two car tracks is 26 feet.

The deceased, who had been visiting one of the families residing at #410 Taunton avenue, was assisted downstairs and to the sidewalk by Sadie Francis, a girl about thirteen years of age. The deceased was either 68 or 69 years old. When deceased and the girl reached the edge of the sidewalk the latter, according to her testimony, after looking and observing automobiles approaching from both directions, told the deceased to proceed across the avenue. It was dark at the time and the lamps on the approaching automobiles were lighted. It is apparent that the deceased, after starting to cross the avenue, looked to her left, that is toward the east, and passed closely in front of an automobile approaching from that direction and almost immediately thereafter came in contact with the defendant's automobile which approached from her right. Although there is some slight testimony to the effect that she was struck on the car track close to the south curb, it is reasonably certain that she came in contact with the left front mudguard of defendant's automobile while it was proceeding along and upon the southerly half of the cement roadway. There is no evidence that she at any time looked to her right or gave any attention to the automobiles approaching from that direction.

The deceased was negligent in failing to observe and heed the defendant's automobile approaching from the west.

It is well established that a person who attempts to cross a much traveled highway without looking in both direc-

tions and reasonably observing approaching vehicles is guilty of negligence as a matter of law.

In *McKean* v. *Barker*, 148 A. 599, this court said: "Plaintiff left a place of safety on the sidewalk and, without attempting to protect herself by her eyes, walked blindly across the street and either ran into defendant's car or was struck by it. She was responsible for her own injury." See also *Jacobson* v. *O'Dette*, 42 R. I. 447; *Beerman* v. *Union R. R. Co.*, 24 R. I. at 285.

There is nothing on the record to indicate that the defendant had a last clear chance to avoid the accident. The deceased crossed directly in front of another automobile, passing through the rays of the brightly burning headlights, when the defendant's automobile must have been close to the line of crossing. It was a rural section and there was no intersecting street or crosswalk at the place. It does not appear that the defendant was driving rapidly; on the contrary it is reasonably clear that he was proceeding at a moderate rate of speed. However, assuming that the defendant was negligent—which is extremely doubtful —the negligence of the deceased person bars recovery. Her own negligence either caused or contributed to the accident. See *Nystrom* v. *Eagle Cornice Co.*, 52 R. I. 80. Had she glanced to her right she would have seen the defendant's automobile and could have stopped before coming in contact with it. Plaintiff was negligent until the instant of contact, and she had a chance, at least as late as did the defendant, to avoid the accident.

Defendant's exception is sustained.

The plaintiff may, if he shall see fit, appear on April 11, 1932, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

SWEENEY, J., dissenting. I am obliged to dissent from the portions of the opinion which state (1) that the deceased was negligent in failing to observe and heed the de-

fendant's automobile approaching from the west; (2) that her negligence either caused or contributed to the accident; (3) that there is nothing in the record to indicate that defendant had the last clear chance to avoid the accident.

The testimony introduced by the plaintiff was to the effect that defendant's automobile was about 900 feet from Mrs. Kalify when she started to cross the highway. The automobile was approaching at a moderate rate of speed. Under these conditions Mrs. Kalify had a right to walk across the highway and, in my opinion, it should not be held as a matter of law that she was guilty of contributory negligence.

This court has repeatedly held it well settled that the question of contributory negligence, except when only one reasonable inference can be drawn from the evidence, is for the jury, and that a verdict should not be directed for the defendant if, on any reasonable view of the testimony, the plaintiff can recover. *Douglas* v. *Matzner*, 51 R. I. 1; *O'Donnell* v. *United Electric Rys. Co.*, 48 R. I. 18; *Gilbane* v. *Lent*, 41 R. I. 462; *Reddington* v. *Getchell*, 40 R. I. 463.

The testimony for the plaintiff proved a *prima facie* case and, under the law as stated in the cases just cited, the trial justice correctly submitted the case to the jury on the issues (1) Was the deceased (Mrs. Kalify) in the exercise of due care? (2) Was defendant negligent? No exception was taken by defendant to the charge and it became the law of the case. *Nourie* v. *Peckham*, 51 R. I. 474. By their verdict the jury found that the deceased was in the exercise of due care and that defendant was negligent. The trial justice in denying defendant's motion for a new trial approved this verdict because he was of the opinion that the jury were justified in returning such verdict and that substantial justice had been done. The fact that the jurors and the trial justice arrived at a conclusion different from that of the majority of this court shows that reasonable men may draw different conclusions from the same evidence.

In *Benoit* v. *Miller,* 67 Atl. 87, this court upheld a verdict for the plaintiff. It appeared that plaintiff's intestate started to walk slowly across a street when an automobile was 72 feet from him and that when he had passed the middle of the street he was struck by a lamp on the automobile. Plaintiff's evidence proved that the intestate had reached a point where he had a right to suppose the automobile would avoid him by turning to the right or by passing behind him. Held in such circumstances that contributory negligence could not be imputed to the intestate even if the same degree of care was required of him as of a grown person. *Oates* v. *Union R. R. Co.,* 27 R. I. 499, 502, 503.

I am also of the opinion that the following evidence in the record is sufficient to raise the issue of the "last clear chance." Defendant testified that he did not see Mrs. Kalify until she fell against the mudguard of his automobile and that he made a "dead stop within eight feet." His witness, Mr. Frechette, testified that he was driving his automobile next behind defendant's; that he saw the woman start to leave the sidewalk; that "she walked pretty fast"; that "when she started from the sidewalk she was about 100 yards from defendant's car." Plaintiff's testimony is to the effect that when Mrs. Kalify started to cross the highway defendant's automobile was about 900 feet away.

Our statute, P. L. 1928, Chap. 1195, Sec. 2, requires a motor vehicle while in operation on a public highway to have two headlights which shall project sufficient light ahead of such motor vehicle as to render clearly discernable all persons within an area of at least two hundred feet in front of such motor vehicle. As it appears that defendant should have seen Mrs. Kalify when she was within two hundred feet of him and that he could have stopped his automobile within eight feet, and there was nothing to obstruct his view of her after she started to cross the highway, there was sufficient evidence to raise the issue of the last clear chance.

196

I strongly dissent from the conclusion of the opinion which gives the plaintiff an opportunity to appear and show cause why the Superior Court should not be directed to enter judgment for the defendant. G. L. 1923, § 5130. In *Bevan* v. *Comstock*, 48 R. I. 285, this court said: "Only where there is no evidence to support a verdict can this court order judgment to be entered for the party prosecuting the exceptions." In *Autran* v. *Cass*, 51 R. I. 198, this court refused to remit the case to the Superior Court with direction to enter judgment because the facts were so much in dispute that such procedure would be unwarranted. In *Reddington* v. *Getchell, supra,* this court said: "Under our constitution and law when the testimony is conflicting the questions of the credibility of witnesses and the preponderance of evidence must in the first instance be determined by a jury; as also they must be finally determined by a jury." I have shown by reference to the record that there is evidence to support the verdict for the plaintiff. In these circumstances it would violate plaintiff's constitutional "right of trial by jury" for this court to order judgment entered for defendant.

*Patrick P. Curran, Hoyt W. Lark, Curran, Hart, Gainer & Carr,* for plaintiff.

*Frank H. Wildes,* for defendant.