243 A.2d 113.

FRANK SULLO III, *p.a. vs.* JOSEPH A. DILORENZO.
FRANK SULLO, JR. *vs.* JOSEPH A. DILORENZO.

JUNE 17, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. These cases are before us on the plaintiffs' appeals from judgments entered by the superior court granting the defendant's reserved motion for a directed verdict in each case pursuant to rule 50 (b) of the rules of civil procedure of the superior court. The actions arose out of an automobile accident whereby Frank Sullo III, a minor, sought to recover for personal injuries suffered as the result of the defendant's alleged negligence and his father, Frank Sullo, Jr., sought to recover consequential damages resulting therefrom.

The plaintiffs contend that the trial justice erred in granting the motions and urge this court to return these matters to the superior court for new trials in accordance with that court's having granted defendant's conditional motions for new trials pursuant to rule 50 (c) of the rules of civil procedure.

The pertinent facts are as follows. On the rainy afternoon of September 29, 1964, defendant was traveling north on Oakland Avenue in the city of Providence at approximately 20-25 miles per hour enroute to his home on Ascham Street. As he approached the intersection of Oakland Avenue and Chad Brown Street, he observed a policewoman and a small group of young children standing on the southeasterly corner of said intersection. When he was approximately one car length from the intersection, he noticed the six-year-old plaintiff, clad in a yellow raincoat and cap, standing on the northeasterly corner of said intersection.

When defendant was approximately five feet from plaintiff Frank Sullo III, and ten feet from the curb line, plaintiff stepped from the curbstone onto Oakland Avenue. The defendant testified that as soon as he saw plaintiff he stepped on his brakes and swerved to the left. The impact with plaintiff, however, occurred approximately 20 feet from the easterly curb line of Oakland Avenue.

At the time of the accident, cars were parked on both sides of Oakland Avenue with the vehicle closest to the intersection being approximately 50 feet therefrom. A "Slow, school" sign was situated on the easterly side of Oakland Avenue south of the intersection. The defendant testified that he was not cognizant of the sign's existence but did admit that he was familiar with the area and knew that the aforesaid intersection was in a school zone. The intersection was marked by crosswalks extending between its southeasterly and southwesterly and southwesterly and northwesterly corners.

In passing on defendant's reserved motions for directed verdicts,

"* * * the authority of the trial justice was governed by a well-established practice which has been approved by this court in a long line of cases. It is the duty of the trial justice, in passing upon such a motion, to view, in a light most favorable to the adverse party, all the evidence and the reasonable inferences to be drawn therefrom, and a verdict should not be directed unless the only reasonable finding or inference that can be made is against the adverse party. In considering such a motion, the trial justice cannot pass upon questions of credibility of the witnesses or weight of the evidence, but will consider as true all the evidence submitted on behalf of the adverse party and will resolve all the reasonable inferences in favor of the contention of the party opposing the motion."

*Marcinko* v. *D'Antuono,* 104 R. I. 172, 180-181, 243 A.2d 104, 109. See also *Gleason* v. *Almac's, Inc.,* 103 R. I. 40, 42,

234 A.2d 350, 351; *Quinn* v. *Poole,* 85 R. I. 280, 284, 130 A.2d 364, 366; *Young* v. *Young,* 56 R. I. 401, 405, 185 A. 901, 903; *Dawley* v. *Congdon,* 42 R. I. 64, 71, 105 A. 393, 396.

During the trial, evidence was admitted which, if viewed in a light most favorable to plaintiffs' position, tended to establish that it was raining at the time of the accident; that the accident took place in a school zone with which defendant was familiar; that defendant, upon approaching the intersection, observed a small group of young children standing in the presence of a policewoman; that the infant plaintiff was standing across the street from these children and was well marked in a yellow raincoat and cap; that defendant did not observe said plaintiff's presence until he was only one car length away from the intersection; and that defendant entered the intersection at a speed of approximately 20-25 miles per hour.

In these circumstances, we are unable to reach the conclusion that the only reasonable finding or inference which a jury could have made or drawn on the issue of the defendant's negligence was in favor of the defendant. In our opinion, the evidence and all inferences which could be reasonably inferred therefrom as favorable to the plaintiff presented an issue of fact which was proper for jury determination. To uphold the trial justice's decision granting the defendant's reserved motion for a directed verdict would violate our well-settled rule. *Lornitzo* v. *Rhode Island Hospital,* 79 R. I. 455, 458, 89 A.2d 831, 832.

In each case the plaintiff's appeal is sustained, the judgment appealed from is reversed, and each case is remitted to the superior court for a new trial.

*Pucci, Zito & Goldin, J. Ronald Fishbein,* for plaintiffs.

*Toro and Crouchley, Eugene F. Toro, Robert G. Crouchley,* for defendant.