267 A.2d 714.

JOHN T. WALSH, JR. *vs.* AMELIO B. DINITTO.

JULY 13, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Paolino, J. The plaintiff brought this civil action in 1964 to recover damages for personal injuries suffered as the result of the alleged negligence of the defendant. The case was heard in 1969 before a justice of the Superior Court sitting with a jury. At the close of the plaintiff's case the trial justice granted the defendant's motion for a directed verdict pursuant to Super. R. Civ. P. 50(a), and a judgment incorporating his decision was entered. Subsequently, the plaintiff filed a motion to vacate the judgment. The trial justice denied this motion, and an order to this effect was entered in the Superior Court. The case is before us on the plaintiff's appeal.

The facts in this case are not complicated. The plaintiff's testimony is as follows. On February 7, 1963, at approximately 7:30 p.m., plaintiff, then a student at Providence College, parked his car on the westerly side of River Avenue and left it to cross River Avenue on his way to the college. Before starting to cross the street, he looked to his left and saw a car at a distance of approximately 200 feet proceeding in his direction. He never looked to his left again. He then looked to his right and saw no cars except those stopped at the traffic light at the intersection of River Avenue and Eaton Street, also a distance of about

200 feet. He then continued into the road, crossing in an easterly direction to a point about the center of the road. In the meantime, traffic which had been stopped at the intersection of River Avenue and Eaton Street began to move toward plaintiff from his right side. He remained stopped in approximately the center of the street for a few seconds and was struck by a car coming from his left. He was unable to identify either the car or the operator of the car which struck him.

The defendant, who was called as an adverse witness, testified that he was driving along River Avenue at about 15-20 miles per hour; that there was heavy traffic caused by a basketball game at the college that night; that in the darkness he first saw the plaintiff, in dark clothing, from one or one and a half car lengths away; that plaintiff was to the left of defendant's vehicle and walking easterly; that he continued at the same speed because he thought he had clearance; and that some part of his automobile hit plaintiff.

It was a dark night, and there were no street lights within 200 feet. The plaintiff does not remember the ground or weather conditions, but the testimony of defendant and the police officer who arrived at the scene shortly after the accident indicates that the ground was wet. River Avenue, at the point where the accident happened, slopes down to the intersection of River Avenue and Eaton Street and is approximately 29 feet wide. There were no crosswalks or traffic controls at the point where plaintiff was crossing the street. It is undisputed that plaintiff was wearing dark clothes.

At the close of plaintiff's case, the trial justice directed a verdict for defendant on the grounds that plaintiff was guilty of contributory negligence, that there was no evidence of defendant's negligence, and that on the facts of

this case the doctrine of the last clear chance did not apply. In our judgment the trial justice erred.

In considering a defendant's motion for a directed verdict, the evidence and the reasonable inferences therefrom must be construed in a light most favorable to the plaintiff. A verdict should not be directed unless the only reasonable finding or inference that can be made is against the plaintiff. *Sullo* v. *DiLorenzo,* 104 R. I. 188, 243 A.2d 113, 114.

On the facts of this case, we hold that the question of defendant's negligence was a question of fact for the jury. The defendant's testimony that he continued to drive at the same speed because he thought he had clearance is evidence of conduct which is susceptible of more than one reasonable inference. In our judgment, the evidence and all reasonable inferences therefrom, when viewed in the light most favorable to plaintiff, presented a question of fact which was for the jury to decide. *Sullo* v. *DiLorenzo, supra.* It was for the jury to decide whether defendant's conduct, in the circumstances, was that of a reasonably prudent person.

We next address ourselves to the question of contributory negligence. Whether one is in the exercise of due care for his own safety at the time of an accident is usually a question of fact to be decided by the jury. *Kenyon* v. *Murray,* 90 R. I. 423, 426, 159 A.2d 376, 378; *DiCaprio* v. *Campanella & Cardi Constr. Co.,* 80 R. I. 55, 57-58, 90 A.2d 784, 786.

The evidence in the case at bar with regard to the question of plaintiff's due care is not so clear that only one reasonable inference can be drawn therefrom. The evidence, and the reasonable inferences therefrom, when construed most favorably for the plaintiff, present questions of fact on which reasonable minds could differ. It was for the jury to decide whether plaintiff, in all the circumstances

then existing, acted in a reasonably prudent manner. Whether he was acting with ordinary prudence in crossing the street as he did, or in stopping for the oncoming traffic from his right, was, in our judgment, a question of fact for the jury in the first instance. We cannot say, on this record, that plaintiff was guilty of contributory negligence as a matter of law.

The defendant lays great stress on plaintiff's testimony that he did not recall looking to his left other than the first time. The defendant argues that this fact alone is sufficient to hold that plaintiff was guilty of contributory negligence as a matter of law. We do not agree. This testimony was merely one link in the chain of evidence which presented a fact question for the jury to decide. The defendant cites *Kalify* v. *Udin*, 52 R. I. 191, 159 A. 644, to support his position. While we agree with the statement of law cited in that case, factually the case is distinguishable from the case at bar. In *Kalify* the court found that there was no evidence that the deceased person "* * * at any time looked to her right or gave any attention to the automobiles approaching from that direction." *Id.* at 192, 159 A. at 645. The evidence in the case at bar is that the plaintiff looked to his left and to his right before starting to cross the street, that he saw a car 200 feet to his left and the traffic at the stop light to his right. As we have previously said, it was for the jury to decide whether his conduct in the circumstances was that of a reasonably prudent person.

On this record it is unnecessary to discuss the question of the last clear chance doctrine at this time.

The plaintiff's appeal is sustained; the judgment appealed from is reversed; and the case is remitted to the Superior Court for further proceedings.

*John G. Carroll, John H. McHugh,* for plaintiff.

*Amedeo C. Merolla,* for defendant.